UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LEE EDWARD STOKES, JR                                                                  PLAINTIFF
ADC #128987


V.                          No. 4:22-CV-966-LPR-JTR

JAMES HOOT GIBSON,
Head Warden, Varner Unit/Max                                                           DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.    Introduction

On October 5, 2022, Plaintiff Lee Edward Stokes, Jr ("Stokes"), a prisoner in the Varner Maximum Security Unit ("Varner-Max") of the Arkansas Division of Correction ("ADC"), filed a *pro se* § 1983 Complaint alleging that Head Warden

James Hoot Gibson violated his constitutional rights. *Doc. 2*. Before Stokes may proceed with this action, the Court must screen his claims.[1]

## II. Discussion

In his Complaint, Stokes alleges that Warden Gibson is putting Varner Unit inmates at risk of harm by failing to provide adequate staffing. *Doc. 2 at 4*. Specifically, Stokes alleges that prison guards (1) are not "making [] security rounds every half hour as [ADC] policy states;" and (2) are forced to "work two or three cellblocks at a time." *Id. at 4–5*. As a result of this alleged understaffing, inmates are left alone for "large amount[s] of time" which "puts the inmates at great risk of harm, especially if a medical issue occurs." *Id. 2 at 4*. Finally, Stokes alleges that suicide in the Varner Unit is "at an all time high" and, in August 2022, he witnessed a fellow inmate commit suicide. *Id. at 5–7*. For relief, Stokes seeks to be "shipped to another unit" and "$25,000 for [] mental and emotional trauma." *Id. at 7*.

Under the Eighth Amendment's prohibition against cruel and unusual punishment, prison officials are required to provide inmates humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This includes the

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

requirement that prison officials "take reasonable measures to guarantee the safety of the inmates." *Id.* (citations omitted).

Because Stokes does not allege that he has suffered any harm, it appears he is attempting to bring an Eighth Amendment claim based on a *future* threat of harm. In order to bring such a claim, Stokes must allege facts demonstrating that: (1) objectively, "he [is] incarcerated under conditions posing a *substantial* risk of serious harm" and (2) subjectively, Warden Gibson is aware of the "substantial risk of serious harm" but has failed to take reasonable steps to protect Stokes from that harm. *Helling v. McKinney,* 509 U.S. 25, 33 (1993) (emphasis added). With respect to the objective factor, the Court must assess whether the alleged "risk of serious harm" is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Id. at 36* (emphasis in original).

Stokes's pleadings fail to state a claim for relief. First, Stokes's allegation that guards failed to conduct security rounds every thirty minutes, as required by ADC policy, does not establish a constitutional violation. *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) ("there is no § 1983 liability for violating prison policy").

Second, Stokes does not explain how the conditions in the Varner Unit create a "substantial risk" of harm *to him*. *See Helling*, 509 U.S. at 33 (noting that prisoner "must show that he himself is being exposed to [a substantial risk of harm]"); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on

3

behalf of other prisoners."). His vague allegation of a "great risk of harm," and his speculation that one day he *may* suffer a "medical issue," fail to carry his heavy burden to allege conditions that violate "contemporary standards of decency." Because Stokes has failed to identify an objective "substantial risk of harm," he necessarily fails to allege that Warden Stokes is subjectively aware of that risk and has failed to take reasonable steps to protect him.

Taking all facts as true and viewing them in a light most favorable to Stokes, he fails to allege *any* facts demonstrating that Warden Gibson is unreasonably failing to protect him from a *substantial* risk of serious harm.

### III.  Conclusion

Stokes's Complaint fails to contain sufficient factual matter to state a viable § 1983 claim and should be dismissed, without prejudice.[2]

IT IS THEREFORE RECOMMENDED THAT:

1.  Stokes's Complaint (*Doc. 2*) be DISMISSED, without prejudice.

---

[2] In the event that Judge Rudofsky concludes that Stokes has stated sufficient facts to maintain a deliberate indifference claim based on a future risk of substantial harm, it is alternatively recommended that his damages request for "$25,000 for [] mental and emotional trauma" be dismissed, as a matter of law, because Stokes has alleged no physical injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury…"); *Munn v. Toney*, 433 F.3d 1087, 1089 (8th Cir. 2006) (noting that "§ 1997e(e) does not bar recovery of nominal and punitive damages, or declaratory and injunctive relief").

2. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 213 L. Ed. 2d 1065, 142 S. Ct. 2837 (2022).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 7th day of June, 2023.

                                                                                                         */s/ J. Thomas Ray*
                                                   UNITED STATES MAGISTRATE JUDGE