IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LEE EDWARD STOKES, JR.**                                                                                       **PLAINTIFF**
**ADC #128987**

v.                                               No. 4:22-CV-00966-LPR

**JAMES HOOT GIBSON**                                                                                      **DEFENDANT**

### ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge J. Thomas Ray and the Plaintiff's Objections.[1] After a *de novo* review of the RD, along with careful consideration of the Plaintiff's Objections and the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects—with one addition. The Court concludes that, pursuant to Rule 15, it should give Plaintiff an opportunity to try and amend his Complaint.[2]

Accordingly, Plaintiff's Complaint (Doc. 2) is DISMISSED without prejudice for failure

---

[1] Docs. 7 and 8.

[2] In addition to what the RD has stated, the Court wishes to emphasize that the Plaintiff's current Complaint is too conclusory and vague to pass screening. Here are a few reasons why.

First, the Complaint is unclear as to whether the alleged understaffing continued after August of 2022. Because this type of claim is based on a threat of future harm, it is problematic that there is no clear allegation that the inadequate staffing continued through the date of the filing of the Complaint.

Second, the Complaint is mostly unclear as to what has happened in the past. It alleges that, on four or five occasions, no corrections officers were in or around Cell Block 3 "for several hours at a time." Compl. (Doc. 2) at 4. It also alleges that, on those occasions and perhaps others, corrections officers did not do rounds every 30 minutes. *Id.* Those allegations aren't enough to plausibly state a claim. Except for the four or five specified days, we don't know if corrections officers did rounds every 45 minutes as opposed to every 30 minutes—which would be a violation of policy but not of the Constitution. And, as for the specified days, four of five days of the problem alleged is not serious enough to create a constitutional violation. The rest of the Complaint's allegations of inadequate staffing are completely conclusory. To state a plausible claim, Plaintiff needs to allege more facts as to what is occurring (or not occurring) on an everyday basis in terms of correctional officer staffing or the lack thereof in Cell Block 3.

Third, the Complaint asks for relief the Court cannot award. Even if the Court had the authority to do so, ordering a transfer of Plaintiff to another prison or unit is not an appropriate remedy here. And the Court notes the Plaintiff does not seek an order requiring the Defendant to provide adequate staffing. Additionally, as the RD notes, the compensatory damages request of $25,000 cannot go forward. Plaintiff does not seek either nominal or punitive damages.

1

to state a claim upon which relief may be granted.  The Court recommends that dismissal of this case count as a "strike," in the future, for purposes of 28 U.S.C. § 1915(g).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.  If Plaintiff wants to try to amend his Complaint, he should (within 45 days of the date of this Order and the accompanying Judgment) file a motion for reconsideration of the Court's decision, attaching to it a proposed amended complaint.  The court will review that proposed amendment to see if it states a viable claim.  If it does, the court will re-open the case.  If it does not, the Court will deny the reconsideration motion.

    IT IS SO ORDERED this 7th day of February 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE